UNITED STATES DISTRICT COURT
FOR THE District of Columbia

Clarence E. Baldwin
2900 Saint Claire Drive #403
Temple Hills, MD 20748

Plaintiff,

v.

U.S Department of Energy General Counsel
WITHHOLDING FILES, DOCUMENTS
1000 Independence Avenue SW
Washington, DC 20585

Case: 1:18-cv-01872
Assigned To : Unassigned
Assign. Date : 8/9/2018
Description: FOIA/PI    (I-DECK)

Defendant,

## COMPLAINT FOR INJUNCTIVE RELIEF

1) This is an action under Freedom of Information Act, 5 U.S.C 552, to order the production of agency records concerning E-MAIL Exchanges between the Plaintiff Clarence Baldwin and Management, all task created by loan administrator Clarence Baldwin on the following dates August 22-24, 2017, October 18, 2017 and January 12, 2018 Task Created by the plaintiff Clarence Baldwin and other documents.

2) This court has jurisdiction over this action pursuant to 5 U.S.A 552(a)(4)(b)

3) Plaintiff, (Clarence Baldwin) is a former Federal Government Civil Service Employee and a three time honorable veteran is the requester of the records which defendant is now withholding. Plaintiff has requested this information time and time again this material is factually relevant to plaintiff case for the EEOC, OSC and the MSPB.

4) Defendant U.S. Department of Energy in Washington DC is an agency of the United States and has possession of the documents that plaintiff seeks.

5) FOIA request e-mail dated February 16, 2018 1:28 PM. Exhibit 1

6) Plaintiff has made over 15 phones calls to the FOIA department of the energy (202)586-9141  (414)-628-9099 and (202) 287-6745

7) Plaintiff has been in communication with the FOIA office Melissa, Exhibit 2 Elizabeth A Sullivan Exhibit 3, Exhibit 3 also has a FOIA request, Exhibit 4 Roman contractor.

The Defendants inappropriate behavior has put plaintiff in a delay for justice with reason of delay that warrant a civil rights investigation by the (DOJ) Department of Justice Agency reasoning for delay outlined below.

**Response Times**

The law permits courts to allow agencies additional time for response in "exceptional circumstances" provided the agency is exercising "due diligence" in getting responses out to requestors. The new amendments do not allow agencies to count routine delays as "exceptional circumstances."

The electronic FOIA Amendments of 1996 addressed delays in three specific ways:

- They established expedited processing for some requesters in special circumstances.
- They provided for multi-track processing, allowing agencies to divide simple and more complex Request into different "tracks" and to process each set in order.
- They changed the standards under which delay could be considered acceptable.

8) Here is 1) example of the plaintiff asking a Acting Director Mr. Jeffrey T. Williams for a his SF-50 government document in February Plaintiff didn't received his SF-50 until May 13, 2018 exhibit **5** Notification of Personal Action box number # 4 has effective date 01/10/16 box number 31 service comp date 05/04/15 box number 49 no approval date.

Letter from Mr. Jeffery Williams Exhibit **5** box 24 should be 1-permanent exhibit **6** SF-50 document comments on agency finding box number 45 Brian Carter who is a Director making 'Inappropriate comments on the SF-50 documents, box number 26 veterans preference for RIF he has mark NO

The plaintiff repeated to Mr. Jeffrey Williams 3 times I was a veteran not only am I veteran I am a 3 time honorable veteran exhibit 7 again on box 49 approval date is

03-05-2018 box 26 veterans preference still mark as NO exhibit **5** letter from Mr. William on May 9, 2018 stated in his letter page two number 3 contains or is followed by no more than a single

Break in service that does not exceed 30 calendars days. Again Breaks in services doesn't matter OPM policy Exhibit 13 the inconsistent documents time and time again what was the problem to have me wait over 120 for my SF-50 Mr. Williams still have not corrected my tenure box 24.

The FOIA itself provides for the possibility of sanctions against the individual agency employee under limited circumstances. Specifically, if a district court assesses attorney fees against the federal government and finds the agency acted "arbitrarily or capriciously" in improperly withholding records, the U.S Office of Special Counsel must "initiate a proceeding to determine whether disciplinary action is warranted against the officer

or employee who was primarily responsible for the withholding." 5U.S.C 552(a)(4)(F). The agency must then implement whatever "corrective action" that the U.S Office of Special Counsel recommends. Id.

Further, federal employees may be subject to criminal penalties for willful and unlawful destruction, removal, or private use of federal records, See 18 U.S.C. 2071.

9) Plaintiff has a right of access to the requested information under 5 U.S.C.§ 552(a)(3) and there is no legal basis for defendant's denial of such access.

10) Plaintiff made many phones calls and e-mail to HR and Mr. Jeffery T. Williams A/Director in reference to plaintiff trying to attain his SF-50 information that was requested time and time again Plaintiff lost out on Government job opportunities exhibit **8** and exhibit **9** Plaintiff even e-mail exhibit **10** the Guide

to understanding your notification of personnel Action form documents to explain the tenure Mr. Jeffery Williams that block #24 is A-1 this has still not been corrected.

11) The plaintiff has added 3 attachments for the request to be expedite within the next 10 days Plaintiff has made phones calls spoken to over 5 difference employees made phones calls to General Counsel and has added this compliant to my current and present EEOC Complaint which is attachment number **1**

12) Attachment number **2)** Notice of Termination page 1 statement about August 22-24, 2017 Exhibit **11** is an example of the e-mail Plaintiff is requesting, Exhibit **12** dated October 20 2017 is another example of and e-mail exchange between me and the Plaintiff supervisor about October 18, 2017

13) Attachment number **2** the notice of action attachment **2** dated January 19, 2018 page number 1 statement about August 22-24 2017 in reference to exhibit **12** attachment number **3)** are documents from the Office of Special Counsel Mr. Baldwin had requested another attorney and this request was granted by Ms. Barbara Wheeler Chief of Complaints and Examining Unit U.S. Office of Special Counsel.

14) The plaintiff has file and EEOC compliant back in November and this compliant was acceptance for investigation on April 2, 2018 and as of August 7, 2018 there is no investigator assigned to this my DOE CASE No;18-0019-HQ-LP Attachment number 1

15) Plaintiff also has a time limit on his file his IRA within the next ten days with the U.S. Merit Systems Protection Board.

---------------

WHEREFORE, plaintiff requests this Court:
(1) Order defendant to provide access to the requested documents within the next 20 days.

(2) Expedite this proceeding as provided for 28 U.S.C. 1657;

(3) Award plaintiff cost and time as provided in 5 U.S.C. 552(a)(4)(E), and

(4) Great such other and further relief of $5000.00 for plaintiff is defending his career deem just and proper for the plaintiff who requested this information over 150 days ago.

Respectfully submitted,

*[signature: Clarence Baldwin]*

Name: Clarence Baldwin
Address: 2900 Saint Claire Dr. #403
Temple Hills, MD 20748

Dated: August 10, 2018